IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN FAYE SCHEPPS, | No. 2:12-CV-0979-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |
| _____ / | |

   Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 13) and defendant's cross-motion for summary judgment (Doc. 18).

/ / /

/ / /

/ / /

1

## I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on June 30, 2010. In the application, plaintiff claims that disability began on April 5, 2010.[1] Plaintiff claims that disability is caused by a combination of hypertension, vocal cord problems, and "precancer of the throat." Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on June 13, 2011, before Administrative Law Judge ("ALJ") Sally C. Reason. In a June 30, 2011, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): benign essential hand tremor; and history of laryngeal carcinoma;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: full range of work at all exertional levels, except no work involving more than occasional use of the hands for fine or delicate tasks, and no work involving consistent use of the voice for oral communication;

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform based on transferrable skills acquired doing past relevant work.

The Appeals Council initially declined review on October 11, 2011, but later set aside that decision to consider new evidence. After the Appeals Council again declined review on February 13, 2012, this appeal followed.

/ / /

/ / /

/ / /

/ / /

---

[1] The court notes that plaintiff has also stated in connection with her application for benefits that she stopped working in May 2010 because of "downsizing of my department due to budget cuts."

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## III. DISCUSSION

In her motion for summary judgment, plaintiff raises three arguments stemming from her contention that she has hand tremors which render her disabled: (1) the ALJ's finding that she can perform two alternative jobs because they require no significant vocational adjustment is not supported by substantial evidence; (2) the vocational expert's testimony regarding fine manipulative requirements is at odds with the Dictionary of Occupational Titles

("DOT"); and (3) the ALJ's findings that plaintiff's testimony regarding hand tremors was not credible is not supported by substantial evidence.[2]

### A. Credibility Assessment

The Commissioner determines whether a disability applicant is credible, and the court defers to the Commissioner's discretion if the Commissioner used the proper process and provided proper reasons. See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996). An explicit credibility finding must be supported by specific, cogent reasons. See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990). General findings are insufficient. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). Rather, the Commissioner must identify what testimony is not credible and what evidence undermines the testimony. See id. Moreover, unless there is affirmative evidence in the record of malingering, the Commissioner's reasons for rejecting testimony as not credible must be "clear and convincing." See id.; see also Carmickle v. Commissioner, 533 F.3d 1155, 1160 (9th Cir. 2008) (citing Lingenfelter v Astrue, 504 F.3d 1028, 1936 (9th Cir. 2007), and Gregor v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)).

If there is objective medical evidence of an underlying impairment, the Commissioner may not discredit a claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence. See Bunnell v. Sullivan, 947 F.2d 341, 347-48 (9th Cir. 1991) (en banc). As the Ninth Circuit explained in Smolen v. Chater:

> The claimant need not produce objective medical evidence of the [symptom] itself, or the severity thereof. Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom. By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the Cotton test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.
>
> 80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986)).

---

[2] The court notes that plaintiff does not challenge the ALJ's assessment of the medical opinion evidence.

4

1    The Commissioner may, however, consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions.  See Bunnell, 947 F.2d at 345-47.  In weighing credibility, the Commissioner may also consider: (1) the claimant's reputation for truthfulness, prior inconsistent statements, or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and (5) physician and third-party testimony about the nature, severity, and effect of symptoms.  See Smolen, 80 F.3d at 1284 (citations omitted).  It is also appropriate to consider whether the claimant cooperated during physical examinations or provided conflicting statements concerning drug and/or alcohol use.  See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).  If the claimant testifies as to symptoms greater than would normally be produced by a given impairment, the ALJ may disbelieve that testimony provided specific findings are made.  See Carmickle, 533 F.3d at 1161 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

    As to plaintiff's subjective complaints relating to hand tremors, the ALJ stated:

> The claimant has alleged that she has difficulty writing and performing activities of daily living because of hand tremors (Exhibit 4E). . . .  She testified that she thinks her hand shaking has gotten worse in the past year.  She indicated that when she cooks, her hands will spasm causing her to spill things onto the stove.  She said she has difficulty using a computer and writing, and therefore does not feel she could do her past work as a human resources assistant.
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.
>
> The record indicates the claimant stopped working for reasons not related to any of the allegedly disabling impairments because of "downsizing of [the] department due to budget cuts" (Exhibit 2E/2 & Hearing Record).  This raises some questions as to whether the claimant's continued unemployment is truly the result of her medical condition, as opposed to non-medical factors.

/ / /

    With regard to the claimant's hand tremors, the evidence generally suggests that this condition is mild and would not significantly interfere with her ability to perform most work activities.  It is emphasized that the claimant did not even report this impairment at the time she filed the instant application, despite the fact that the Disability Report specifically asked for information about all conditions affecting the ability to work (Exhibit 2E/2).  Moreover, the treatment records show little or no mention of tremor or any tremor-related complaints since the alleged disability onset date.

    Plaintiff argues that the ALJ relied on three reasons for rejecting her subjective testimony of disabling hand tremors, and that none is valid.  Plaintiff cites the following three reasons relied upon by the ALJ: (1) the condition is mild and does not significantly limit plaintiff's ability to work; (2) plaintiff did not list hand tremors as a disabling condition on her application for benefits; and (3) the treatment record show little or no mention of hand tremors or related complaints since the onset date.  In making this argument, plaintiff ignores a fourth reason – the first reason the ALJ articulates – for rejecting plaintiff's testimony as not credible.  Specifically, plaintiff ignores her statement on her disability application that she stopped working in May 2010 due to downsizing in her department even though she applied for benefits claiming that she became unable to work due to disability – not downsizing – in April 2010.  Because the ALJ may consider inconsistent statements in making a credibility determination, see Smolen, 80 F.3d at 1284, and because plaintiff's statements regarding the reason she stopped working are clearly inconsistent, the ALJ did not err in rejecting plaintiff's testimony of disabling hand tremors as not credible.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

B. **Vocational Findings**

Plaintiff's remaining arguments stem from the ALJ's vocational findings. Specifically, plaintiff argues: (1) the ALJ failed to reconcile a conflict between the vocational expert's testimony and the DOT; and (2) the ALJ's finding regarding vocational adjustment is not supported by substantial evidence.[3] Regarding these issues, the ALJ stated:

> The vocational expert was asked if any occupations exist which could be performed by an individual with the same age, education, past relevant work experience, and residual functional capacity as the claimant, and which require skills acquired in the claimant's past relevant work but no additional skills.  The vocational expert responded and testified that representative occupations such an individual could perform include: <u>data entry clerk</u> (DOT 203.582-054), which is sedentary semi-skilled work (SVP of 3) existing in significant numbers (280,000 positions in the national economy and 8,000 positions in the claimant's local economy); and <u>file clerk</u> (DOT 206.387-034), which is light semi-skilled work (SVP of 3) existing in significant numbers (200,000 positions nationally and 8,000 positions locally).  Notes no sig. Vocational adjustment.  The vocational expert testified that the acquired record keeping and data entry skills in particular would transfer to these occupations and would require no significant vocational adjustment (Hearing Record).
>
> Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the DOT.
>
> Accordingly, although the claimant's ability to perform work at all exertional levels has been compromised by non-exertional limitations, considering the claimant's age, education, and transferable work skills, there are a significant number of jobs in the national economy that the claimant can perform. . . .

Turning first to plaintiff's argument that the ALJ erred by failing to reconcile a conflict between the vocational expert's testimony and definitions contained in the DOT, the court finds no such conflict.  Here, based on the uncontested medical opinion that plaintiff might have difficulty with some very fine movements, the ALJ concluded that plaintiff could only occasionally perform "fine or delicate tasks."  Otherwise, the ALJ did not find that plaintiff had any limitations with respect to handling or fingering.  The vocational expert testified that plaintiff

---

[3] Again, plaintiff's arguments are focused on her contention that hand tremors render her disabled.

7

could perform the constant handling and fingering requirements the DOT sets forth for the two listed jobs – data entry clerk and file clerk – and explained that the limitation to only occasional fine manipulation would not preclude those jobs because very fine, delicate work is not required. Thus, the vocational expert's opinion as to the jobs plaintiff can perform is consistent with the DOT's descriptions of the handling and fingering requirements of those jobs.   Put another way, there is no conflict because the vocational expert did not opine that plaintiff could perform jobs for which the DOT describes handling and fingering requirements beyond plaintiff's functional capacity to engage in those tasks.

Plaintiff also faults the ALJ's finding that, given her past relevant work, no significant vocational adjustment was required for plaintiff to perform the two jobs identified, arguing that the finding is not supported by substantial evidence.  Specifically, plaintiff argues:

> . . .The skills of data entry and record keeping involve typing, i.e., use of a computer keyboard: Ms. Schepps affirmed that her past work entailed a lot of computer work, but that she can now only "hunt and peck" at the keyboard (Tr. 56), and that she could only "peck" at the keyboard with one finger for about half an hour before getting "real bad tremors in [her] hands and her neck starts to shake" (Tr. 60).  The vocational expert acknowledged that such a limitation would preclude those jobs (Tr. 60-61).  The ALJ cited no valid reasons for discounting Ms. Schepps' testimony on the issue (see argument, section C, *infra*).  Because Ms. Schepps is no longer able to perform the transferable skills imparted from her prior jobs in light of her hand tremors, the finding that Ms. Schepps could perform the alternative jobs of data entry clerk or file clerk lacks the support of substantial evidence.

This argument is not persuasive given the court's discussion above concerning the ALJ's adverse credibility finding.  Specifically, contrary to plaintiff's contention that the ALJ "cited no valid reasons for discounting Ms. Schepps' testimony on the issue [of hand tremors]," the very first reason cited by the ALJ – inconsistent statements concerning the reason plaintiff stopped working – was valid.

/ / /

/ / /

/ / /

## IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

  1. Plaintiff's motion for summary judgment (Doc. 13) is denied;
  2. Defendant's cross-motion for summary judgment (Doc. 18) is granted; and
  3. The Clerk of the Court is directed to enter judgment and close this file.

DATED:  September 23, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE